United States District Court
Southern District of Texas
**ENTERED**
October 23, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KANSAS CITY SOUTHERN de MEXICO S.A. de C.V., | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-02951 |
| | § | |
| LUXEMBORG TRADING, LLC, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**

Before the Court is Plaintiff Kansas City Southern de Mexico, S.A. de C.V.'s ("Plaintiff" or "KCSM") Motion for Default Judgment against Defendant Luxemborg Trading, LLC ("Defendant"). (Doc. No. 11). Defendant has not responded or otherwise appeared in this action. For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

In 2023, 2024, and 2025, Plaintiff provided international rail freight service to Defendant between the United States and Mexico. (Doc. No. 1, ¶ 6). In doing so, Plaintiff paid freight movement charges and related charges assessed under tariffs between the two countries. (*Id.*). Despite providing Defendant with invoices of all relevant charges owed by Defendant to Plaintiff, Defendant has either failed or refused to pay. (*Id.* ¶ 9).

Plaintiff filed the present suit in June of 2025. Despite being served, Defendant has not appeared or responded in this case. (Doc. No. 6). This Court entered Clerk's Entry of Default on July 28, 2026. (Doc. No. 10). Plaintiff thereafter moved for entry of Default Judgment. (Doc. No. 11).

## II. ANALYSIS

When considering whether to enter default judgment, courts in the Fifth Circuit requires the Court to determine: (1) whether the entry of a default judgment is procedurally warranted; (2) whether there is a sufficient basis in the pleadings for the judgment; and (3) how to calculate damages or equitable relief. *Vela v. M&G USA Corp.*, No. 2:17-cv-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). Courts must consider relevant factors including whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of the default judgment based on the circumstances, and whether the court would think itself obliged to set aside the default on the [defaulting party's] motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### A. Default Judgment is Procedurally Warranted.

First, default judgment is procedurally warranted here. As already stated, Defendant was properly served but did not answer or otherwise respond by the deadline required under the Federal Rules, so the Court granted Plaintiff's request for Entry of Default and the Clerk entered said default. *See* (Doc. Nos. 6, 8, 10). As a result, no material facts are in dispute. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

### B. There is a Sufficient Basis for Judgment in the Pleadings.

Second, the pleadings provide a sufficient basis for entering default judgment. KCSM alleges that it was engaged in the business of providing international rail service between Texas and Mexico. Defendant used KCSM's services at various times for freight service to Mexico. In

doing so, Plaintiff was required to pay tariffs for freight movement between Mexico and Texas. Even in the absence of an express agreement between KCSM and Defendant that Defendant should pay freight charges, the "consignee is prima facie liable for the payment of the freight charges when he accepts the goods from the carrier." *Pittsburgh, C., C. & St. L. R. Co. v. Fink*, 250 U.S. 577, 580 (1919). When a company engages a carrier and accepts the services provided by that carrier, such a transaction amounts to an assumption "to pay the only lawful rate it had to pay or the carrier the right to charge." *New York Cent. & H. R. R. Co. v. York & Whitney Co.*, 256 U.S. 406, 408 (1921).

Plaintiff provides a list of invoices unpaid by Defendant from 2023 to 2025. (Doc. No. 11, Ex. A). As a result, Plaintiff has established Defendant's liability under 49 U.S.C. § 10743(a).

**C. Plaintiff's Requested Relief**

While a defendant's default concedes the truth of a complaint's factual allegations, a plaintiff must still prove damages. *U.S. for the Use of M–Co Constr. v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Damages are normally not awarded without an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (citations omitted). Here, Plaintiff requests damages that are capable of mathematical calculation.

Plaintiff requests that the Court award default judgment in the amount left unpaid by Defendant. The current total amount outstanding based on the invoices supplied by Plaintiff in the United States is $233,197.21 USD (Doc. No. 11, Ex. A). The current total amount outstanding in Mexico is 3,279,135 MXN. (*Id.*). Plaintiff attaches invoices of each charge to Defendant, sufficiently verifying these amounts. Therefore, Plaintiff sufficiently establishes its damages.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. No. 11) is hereby **GRANTED**. A separate Judgment in favor of Plaintiff will be entered in the following amounts.

1. $233,197.21 in USD;
2. 3,279,135 in MXD; and
3. Post-judgment interest at the rate of 4.49% from the date of this judgment until paid.

It is so ordered.

Signed on this the 23rd day of October, 2026.

Andrew S. Hanen
United States District Judge